■ Ruth Miner, Respondent, v. Irving E. Miner, Appellant.— Judgment of the Supreme Court, Nassau County, entered June 18, 1968, affirmed, with costs. This disposition does not affect any cause of action which defendant may have, based on the collateral security agreement. Appeal from order of the Supreme Court, Nassau County, dated July 1, 1968, dismissed, without costs. An order denying a motion to set aside a decision, made only on the trial evidence, is not appealable. In any event, the foregoing disposition of the appeal from the judgment renders the appeal from the order academic. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ John Pearson, Respondent, v. Incorporated Village of Hempstead, Appellant, and Town of Hempstead, Respondent.— Order of the Supreme Court, Nassau County, dated June 18, 1968, affirmed, with $10 costs and disbursements to plaintiff-respondent. In our opinion, in view of the fact that there is only one Albemarle Street or Avenue and it is in the Incorporated Village of Hempstead, it was not an abuse of discretion for Special Term to grant plaintiff's motion to amend his notice of claim so as to specify the location of the accident as 48 Albemarle Avenue, Village of Hempstead, rather than 48 Albemarle Street, West Hempstead. Motion by respondent Town of Hempstead to dismiss appeal as to it. Motion dismissed as academic, in view of our determination on the appeal (decided herewith). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ The People of the State of New York, Appellant, v. Dominick Alongi, Respondent.— Appeal from an order of the Supreme Court, Queens County, dated September 15, 1967, which granted defendant's motion insofar as it was to dismiss the indictment. Order reversed, on the law, and motion denied insofar as it is to dismiss the indictment and granted insofar as it is for inspection of the Grand Jury minutes. No questions of fact were considered. An indictment under subdivision 6 of section 600 of the former Penal Law may not be dismissed on the ground that defendant, who had been granted immunity pursuant to section 2447 of the former Penal Law, had not been directed by a court to answer questions before a Grand Jury (*People* v. *Riela*, 7 N Y 2d 571). Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.